IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CYNTHIA BROWN,

                          Petitioner,

          v.                                CASE NO.11-3216-SAC

JUDGE MCCARVILLE, et al.,

                          Respondents.


## O R D E R

This matter comes before the court on a form complaint for filing under 42 U.S.C. § 1983, filed pro se by a prisoner confined in a Kansas correctional facility to serve a sentence imposed on October 26, 2011.

The defendants named in the complaint are the state sentencing judge, the chief judge who did not respond to plaintiff's letter of complaint, plaintiff's pastor, and a community corrections officer. Plaintiff claims the state sentencing judge, who once served as plaintiff's court appointed attorney, was biased and unfair. Plaintiff also alleges error in being charged and convicted of failing to register as a drug offender. Plaintiff seeks resentencing with a different judge, and consideration for placement in community corrections.

Plaintiff is challenging the validity of the state sentence imposed in her state court conviction. Relief on such claims must be pursued in habeas corpus under 28 U.S.C. § 2254, after first exhausting state court remedies. Because plaintiff cites an appeal that may be pending in the state courts, it is plain that dismissal

of this matter without prejudice is appropriate.

Plaintiff is advised that full exhaustion of state court remedies is required on all claims presented to the federal courts for habeas review, and that a one year limitation period applies to the filing of a § 2254 petition in federal court.  *See* 28 U.S.C. § 2244(d)(1)(setting a one year limitation period and identifying when the limitation period begins running) and § 2244(d)(2) providing for tolling of the running of the limitation period while state post-conviction proceedings are pending).

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 2) is provisionally granted to allow plaintiff to proceed in forma pauperis in this action which the court construes as proceeding under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that this habeas action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge


2